Filed
D.C. Superior Court
03/08/2022 16:36PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **LASHAELA MILLER**<br>4641 Dallas Place, Apt. 101<br>Temple Hills, Maryland 20748<br><br>Plaintiff,<br><br>v.<br><br>**SELMEYYAH MOORE**<br>11000 Abood Court<br>Upper Marlboro, Maryland 20772<br><br>and<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br><br>SERVE:   Patricia Y. Lee, General Counsel<br>Office of General Counsel<br>600 Fifth Street N.W.<br>Washington, D.C. 20001<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    Case No.: 2022 CA 1009 B |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, Plaintiff, LaShaela Miller, by and through counsel, Joseph M. Chandlee, and The Valente Law Group, and files this Complaint and for reasons therefore, states as follows:

### PARTIES

1. That Plaintiff, LaShaela Miller (hereinafter "Plaintiff"), is an adult resident of Prince George's County, Maryland.

2. That Defendant, Selmeyyah Moore (hereinafter "Defendant Moore"), is an adult resident of Prince George's County, Maryland.

3. That Defendant, Washington Metropolitan Area Transit Authority (hereinafter

"Defendant WMATA"), was created by an Interstate Compact between Maryland, Virginia, and the District of Columbia. Defendant has the power to sue and be sued, and has waived sovereign immunity with respect to the subject matter of this lawsuit. Defendant conducts business in the District of Columbia.

## FACTS

4. That on or about July 22, 2021, at approximately 3:00 p.m., Plaintiff was operating a motor vehicle traveling southbound in the left lane of travel at or near the 1300 block of 9th street NW in Washington D.C.

5. That on the same date and time described wherein, Defendant Moore was operating a bus in the lane immediately to the right of Plaintiff's vehicle, whereupon she made an unsafe and unreasonable lane change into Plaintiff's lane of travel and negligently operated her bus into Plaintiff's vehicle, resulting in a collision between the two (2) vehicles.

6. That the bus being operated by Defendant Moore was owned by Defendant WMATA at all times relevant herein.

## COUNT I
(Negligence)

7. That Plaintiff repeats and reaffirms each and every allegation contained in paragraphs one (1) through six (6) of this Complaint.

8. That at all times relevant herein, Defendant Moore had a duty to maintain a proper lookout, to exercise due care in the operation of the motor vehicle, to operate the vehicle in a safe and prudent manner, to drive at a speed in accordance with all prevailing road and/or traffic conditions, to maintain control over the motor vehicle at all times so as to avoid striking Plaintiff's vehicle, to yield the right of way to Plaintiff's vehicle, to make safe and reasonable lane changes, to drive in accordance with all prevailing traffic rules and regulations, to pay full time and attention

to the operation of their motor vehicle, and to otherwise act in a non-negligent manner.

9. That Defendant Moore breached her aforementioned duties owed to Plaintiff in failing to maintain a proper lookout, in failing to exercise due care in the operation of the motor vehicle, in failing to operate the motor vehicle in a safe and prudent manner, in failing to drive at a speed in accordance with all prevailing road and/or traffic conditions, in failing to maintain control over the motor vehicle at all times so as to avoid striking Plaintiff's vehicle, in failing to yield the right of way to Plaintiff's vehicle, in making an unsafe and unreasonable lane change, in failing to drive in accordance with all prevailing traffic rules and regulations, in failing to pay full time and attention to the operation of the motor vehicle, and in otherwise acting in a negligent manner.

10. That as a direct and proximate result of the negligent actions of Defendant Moore, Plaintiff received severe, painful and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused and will continue to cause her in the future great pain, suffering, mental anguish, and other non-economic damages.

11. That as a direct and proximate result of the negligent actions of Defendant Moore, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries sustained by Plaintiff in this car crash.

12. That as a direct and proximate result of the negligence of Defendant Moore, Plaintiff was forced to lose time from her employment and suffered a loss of wages.

13. That at no time relevant hereto was Plaintiff contributorily negligent nor did Plaintiff assume any risk.

**WHEREFORE**, Plaintiff, LaShaela Miller, prays for judgment against Defendant, Selmeyyah Moore, in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and cost of this suit.

## COUNT II
### (Negligent Entrustment/Supervision)

14. That Plaintiff repeats and reaffirms each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint.

15. That at all times referred to herein, Defendant Moore was operating the motor vehicle with the express or implied permission of the owner, Defendant WMATA.

16. That Defendant WMATA knew or had reason to know that the use of its motor vehicle by Defendant Moore would likely result in an unreasonable risk of harm to others, including Plaintiff.

17. That Defendant WMATA failed to maintain proper supervision over its motor vehicle and/or the actions of the operator of its motor vehicle and/or negligently entrusted its motor vehicle to Defendant Moore.

18. That as a direct and proximate result of the negligence of Defendant Moore and the negligent supervision and/or entrustment of Defendant WMATA, Plaintiff has sustained all the injuries and damages alleged above.

**WHEREFORE**, Plaintiff, LaShaela Miller, prays for judgment against Defendant, Washington Metropolitan Area Transit Authority, in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and cost of this suit.

## COUNT III
### (Vicarious Liability)

19. That Plaintiff repeats and reaffirms each and every allegation contained in

paragraphs one (1) through eighteen (18) above.

20. That at all times relevant herein, Defendant Moore was an agent and/or servant and/or employee of Defendant WMATA and/or was acting within the scope of her authority and/or employment with Defendant WMATA and/or was acting with the knowledge, consent, permission and/or at the direction or under the control of or for the benefit of Defendant WMATA.

21. That as a direct and proximate result of the aforementioned negligence of Defendant Moore and the vicarious liability of Defendant WMATA, Plaintiff sustained all the injuries and damages alleged above.

**WHEREFORE**, Plaintiff, LaShaela Miller, prays for judgment against Defendant, Washington Metropolitan Area Transit Authority, in the amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and cost of this suit.

Respectfully Submitted,
THE VALENTE LAW GROUP

_____
Joseph M. Chandlee
DC Bar#: 1723333
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451 1777
jchandlee@jpvlawgroup.com
*Counsel for Plaintiff*

## PRAYER FOR JURY TRIAL

The Plaintiff, LaShaela Miller, prays for a jury trial in the above-captioned case.

_____
Joseph M. Chandlee